UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| JANNETTE VALENTIN<br><br>  Plaintiff,<br><br>v.<br><br>CAROLYN W. COLVIN, ACTING COMMISSIONER SOCIAL SECURITY ADMINISTRATION,<br><br>  Defendant. | No. 3:16-cv-245 (MPS) |

## MEMORANDUM OF DECISION

This is an administrative appeal following the denial of Jannette Valentin's application for disability insurance benefits. The appeal is brought pursuant to 42 U.S.C. §§ 405(g).[1] Ms. Valentin now moves for an order reversing the decision of the Commissioner of the Social Security Administration ("Commissioner"). The Commissioner has also moved for an order reversing the decision and remanding the case for further administrative proceedings. After the Commissioner filed her motion, Ms. Valentin filed an objection, arguing that on remand the matter should not be heard by the same Administrative Law Judge, Imelda K. Harrington, and that any remand should not be limited to addressing the specific defect identified by the Commissioner.

---

[1] Under the Social Security Act, the "Commissioner of Social Security is directed to make findings of fact, and decisions as to the rights of any individual applying for a payment under [the Act]." 42 U.S.C. § 405(b)(1). The Commissioner's authority to make such findings and decisions is delegated to administrative law judges ("ALJs"). *See* 20 C.F.R. §§ 404.929 *et seq.* Claimants can in turn appeal an ALJ's decision to the Social Security Appeals Council. *See* 20 C.F.R. §§ 404.967 *et seq.* If the appeals council declines review or affirms the ALJ opinion, the claimant may appeal to the United States District Court. The Social Security Act provides that "[t]he court shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing." 42 U.S.C. § 405(g).

Ms. Valentin and the Commissioner agree that the Administrative Law Judge ("ALJ") erred in failing to evaluate a medical source opinion in making her residual functional capacity ("RFC") determination.  In particular, the Commissioner asserts that it was an error not to evaluate and weigh the opinion of consultative examiner Dr. Liese Franklin-Zitzkat, who evaluated Ms. Valentin on May 22, 2013 in connection with her application for disability insurance benefits.  I agree with the parties that the ALJ did not evaluate a medical source opinion in making the RFC determination.  Therefore, the Commissioner's Motion for Entry of Judgment Under Sentence Four of 42 U.S.C. § 405(g) with Reversal and Remand of the Cause to the Defendant, which Motion (ECF No. 19) is GRANTED, and Plaintiff's Motion to Reverse the Decision of the Commissioner (ECF No. 15) is GRANTED IN PART consistent with defendant's motion.  The case is therefore REMANDED for a full hearing.  I do not reach Ms. Valentin's remaining arguments urging reversal or remand.

### I.     Procedural History

On May 22, 2013, Plaintiff Jannette Valentin applied for disability insurance benefits ("DIB") and supplemental security income ("SSI"), alleging that she was disabled since January 1, 2004, due to back problems, asthma, ulcer, depression, high blood pressure, and cholesterol. (ECF No. 11-4 at 8.)  Her application and a subsequent request for reconsideration were denied. (ECF No. 11-5 at 2, 20).  She then requested a hearing before an ALJ.  (*Id.* at 32.)  She appeared with counsel for a hearing on May 13, 2015.  (ECF No. 11-3.)  The ALJ issued a decision finding the Plaintiff not disabled.  (*Id.* at 17.)  The ALJ found that Ms. Valentin's severe impairments were degenerative disc disease, fibromyalgia, major depressive disorder, and ethanol abuse.  (*Id.* at 14.)  The ALJ determined that Ms. Valentin did not have a listed impairment, retained the RFC for medium work as defined in 20 C.F.R. § 404.967(c), was able

to perform past relevant work, and was therefore not disabled within the meaning of the Social Security Act. (*Id.* at 16-27.)  The Appeals Council denied Plaintiff's Request for Review on December 17, 2015.  (*Id.* at 2.)

On February 16, 2016, Plaintiff filed her complaint in the present matter.  (ECF No. 1.)  On April 21, 2016, the Commissioner filed her answer with a copy of the certified administrative transcript.  (ECF No. 11.)  On June 23, 2016, Plaintiff filed her Motion to Reverse the Decision of the Commissioner, with briefs and exhibits in support.  (ECF No. 15.)  On September 22, 2016, the Commissioner filed a Motion for Entry of Judgment Under Sentence Four of 42 U.S.C. § 405(g) with Reversal and Remand of the Cause to the Defendant.  (ECF No. 19.)  On October 23, 2016, Plaintiff filed her objection to the Commissioner's motion, (ECF No. 21) and on November 4, 2016 the Commissioner filed a reply.  (ECF No. 23.)

Specific facts and portions of the ALJ's decision will be discussed below as necessary.

**II.    Standard**

The Social Security Act establishes that benefits are payable to individuals who have a disability. 42 U.S.C. § 423(a)(1). "The term 'disability' means... [an] inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment...." 42 U.S.C. § 423(d)(1).  To determine whether a claimant is disabled within the meaning of the Social Security Act, the ALJ must follow a five-step evaluation process as promulgated by the Commissioner.[2] To be considered disabled, an individual's impairment must

---

[2] The five steps are as follows: (1) The Commissioner considers whether the claimant is currently engaged in substantial gainful activity; (2) if not, the Commissioner considers whether the claimant has a "severe impairment" which limits his or her mental or physical ability to do basic work activities; (3) if the claimant has a "severe impairment," the Commissioner must ask whether, based solely on the medical evidence, the claimant has an impairment listed in Appendix 1 of the regulations. If the claimant has one of these enumerated impairments, the Commissioner will automatically consider him or her disabled, without considering vocational

be "of such severity that he is not only unable to do his previous work but cannot... engage in any other kind of substantial gainful work which exists in the national economy." 42 U.S.C. § 423(d)(2)(A).

"A district court reviewing a final... decision pursuant to… 42 U.S.C. § 405(g), is performing an appellate function." *Zambrana v. Califano*, 651 F.2d 842, 844 (2d Cir. 1981). "The findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive." 42 U.S.C. § 405(g).  Accordingly, a district court may not make a *de novo* determination of whether a plaintiff is disabled in reviewing a denial of disability benefits. *Wagner v. Sec'y of Health & Human Servs.,* 906 F.2d 856, 860 (2d Cir. 1990).  Rather, the court's function is to ascertain whether the correct legal principles were applied in reaching the decision, and whether the decision is supported by substantial evidence. *Johnson v. Bowen*, 817 F.2d 983, 985 (2d Cir. 1987).  If the Commissioner's decision is supported by substantial evidence, that decision will be sustained, even where there may also be substantial evidence to support the plaintiff's contrary position. *Schauer v. Schweiker*, 675 F.2d 55, 57 (2d Cir. 1982). The Second Circuit has defined substantial evidence as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Williams v. Bowen*, 859 F.2d 255, 258 (2d Cir. 1988) (internal citation and quotation marks omitted).  Substantial evidence must be "more than a mere scintilla or a touch of proof here and there in the record." *Id.*

**III.   Discussion**

---

factors such as age, education, and work experience; (4) if the impairment is not "listed" in the regulations, the Commissioner then asks whether, despite the claimant's severe impairment, he or she has the residual functional capacity to perform his or her past work; and (5) if the claimant is unable to perform his or her past work, the Commissioner then determines whether there is other work the claimant could perform. The Commissioner bears the burden of proof on this last step, while the claimant has the burden on the first four steps. 20 C.F.R. § 416.920(a)(4).

### A. Remand

Pursuant to 42 U.S.C. § 405(g), the Court has the "power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing."  The fourth sentence allows the Court to order a remand where the Commissioner "has failed to provide a full and fair hearing, to make explicit findings, or to have correctly appl[ied] the law and regulations."  *Melkonyan v. Sullivan*, 501 U.S. 89, 101 (1991) (internal quotation marks and citations omitted).

I agree with the parties that remand under sentence four is appropriate in this case, because the ALJ failed to account for medical source opinion evidence in determining Plaintiff's RFC, resulting in the denial of a "full and fair hearing" for the Plaintiff.  The ALJ neglected to consider the opinion of consultative examiner Dr. Liese Franklin-Zitzkat in determining the Plaintiff's RFC.  Dr. Franklin-Zitzkat conducted a psychiatric evaluation and found that the Plaintiff "could have mild to moderate difficulty attending to instructions," "mild to moderate difficulty remembering instructions," "moderate to marked difficulty sustaining concentration and withstanding the stresses and pressures of a routine workday," and "moderate to marked difficulty responding appropriately to supervisors and coworkers."  (ECF No. 19-2 at 6.)  She also noted that "her ability to make decisions seems impaired" and that her "depression could interfere with her ability to maintain attendance."  (*Id.*)  Dr. Franklin-Zitzkat's opinion includes limitations of greater severity than the ALJ found.  Therefore, a remand is appropriate.

### B. The Administrative Law Judge

Plaintiff also seeks an order from the Court that the matter is not, upon remand, to be heard by ALJ Imelda K. Harrington.  I decline to issue such an order.  "The decision to remand a

5

Social Security case to a different ALJ is generally reserved for the Commissioner." *Card v. Astrue*, 752 F. Supp. 2d 190, 191 (D. Conn. 2010) (*citing Dellacamera v. Astrue,* 2009 WL 3766062, at *1 (D.Conn. Nov. 5, 2009)).  "Courts may interfere with the Commissioner's decision only upon a showing of bias or partiality on the part of the original ALJ." *Id.*  Courts begin with the presumption that ALJs are unbiased, and the plaintiff bears the burden of proving the ALJ's bias.  *See Schweiker v. McClure,* 456 U.S. 188, 195 (1982).  To prove bias, the plaintiff must "show that the ALJ's behavior, in the context of the whole case, was 'so extreme as to display clear inability to render fair judgment.' " *Rollins v. Massanari,* 261 F.3d 853, 858 (9th Cir.2001) (quoting *Liteky v. United States,* 510 U.S. 540, 551, 114 S.Ct. 1147, 127 L.Ed.2d 474 (1994)). Importantly, "[a]ny alleged prejudice on the part of the decisionmaker must be evidence from the record and cannot be based on speculation or inference." *Navistar International Transportation Corp. v. U.S. EPA,* 941 F.2d 1339, 1360 (6th Cir.1991).  "Typically, courts in this Circuit refrain from directing the Commissioner to assign a different ALJ on remand, as the decision to reassign a case to a different ALJ is generally reserved for the Commissioner." *Chandler v. Soc. Sec. Admin.*, 2013 WL 2482612, at *12 (D. Vt. June 10, 2013) (*citing McDowell v. Colvin,* 2013 WL 1337152, at *15 (N.D.N.Y. Mar. 11, 2013); *Dellacamera v. Astrue,* 2009 WL 3766062, at *1 (D.Conn. Nov. 5, 2009)).

      Courts in the Second Circuit have used two different methods of analysis in determining whether to remand the case to a different ALJ: (1) the three *Robin* factors and (2) the four *Sutherland* factors.[3]  The trend in this district is to use the *Sutherland* factors, which I will

---

[3] The *Robin* factors include: "(1) whether the original judge would reasonably be expected upon remand to have substantial difficulty in putting out of his or her mind previously-expressed views or findings determined to be erroneous or based on evidence that must be rejected, (2) whether reassignment is advisable to preserve the appearance of justice, and (3) whether reassignment would entail waste and duplication out of proportion to any gain in preserving the

utilize.[4]  *Card v. Astrue,* 752 F. Supp. 2d 190, 192 (D. Conn. 2010).  The *Sutherland* factors instruct a court to consider whether there is:

> (1) a clear indication that the ALJ will not apply the appropriate legal standard on remand; (2) a clearly manifested bias or inappropriate hostility toward any party; (3) a clearly apparent refusal to consider portions of the testimony or evidence favorable to a party, due to apparent hostility to that party; (4) a refusal to weigh or consider evidence with impartiality, due to apparent hostility to any party.

*Id.* (*citing Sutherland v. Barnhart,* 322 F.Supp.2d 282, 292 (E.D.N.Y.2004)).

Plaintiff cannot meet any of the four *Sutherland* factors to warrant remand to a new ALJ. Plaintiff concedes that she cannot meet the first factor, and the other three require her to show an "apparent hostility" towards her.  She cannot show such hostility.  Plaintiff's main assertion of the ALJ's bias is that the ALJ has "gone out of her way to assail the plaintiff as not credible on grounds that are . . . thoroughly improper." (ECF No. 21-1 at 2.)  I can find no evidence in the record of this, however.  Furthermore, it is the ALJ's job to determine the credibility of a claimant.  *See Carroll v. Sec'y of Health & Human Servs.*, 705 F.2d 638, 642 (2d Cir. 1983). "[T]he ALJ is required to take the claimant's reports of pain and other limitations into account, but is not required to accept the claimant's subjective complaints without question; he may exercise discretion in weighing the credibility of the claimant's testimony in light of the other evidence in the record." *Genier v. Astrue*, 606 F.3d 46, 49 (2d Cir. 2010) (internal citations omitted).  The ALJ uses the following framework to assess a claimant's credibility:

---

appearance of fairness." *United States v. Robin*, 553 F.2d 8, 10 (2d Cir. 1977).  I note that even under these factors, Plaintiff is unable to show impermissible bias warranting remand to a different ALJ.  As shown below, Plaintiff has not shown that the ALJ relied on improper considerations in making her credibility determination, and it was the ALJ's job to assess Plaintiff's credibility.

[4] I also choose to use the *Sutherland* factors because they were created in the context of a remand of a social security disability benefits case, unlike the *Robin* factors, which the Circuit created in remanding a criminal case to a different district court judge.

> [T]he adjudicator must consider the entire case record, including the objective medical evidence, the individual's own statements about symptoms, statements and other information provided by treating or examining physicians or psychologists and other persons about the symptoms and how they affect the individual, and any other relevant evidence in the case record. An individual's statements about the intensity and persistence of pain or other symptoms or about the effect the symptoms have on his or her ability to work may not be disregarded solely because they are not substantiated by objective medical evidence.

SSR 96-7p. When additional information is needed to determine credibility, the adjudicator must consider additional factors, such as the claimant's daily activities, medications, and factors that aggravate the symptoms. *Id*.

The ALJ did not consider anything improper in making her credibility determination. She noted that the Plaintiff's account of her symptoms and limitations was not credible in light of the objective clinical evidence and treatment notes, as she is permitted to under SSR 96-7p. The ALJ considered the clinical evidence and treatment notes that stated that the Plaintiff has failed to follow treatment recommendations, as she is allowed to do in assessing credibility. *See Navan v. Astrue*, 303 F. App'x 18, 21 (2d Cir. 2008) (finding it proper to consider plaintiff's failure to seek medical treatment in determining that the plaintiff's "claims of subjective pain [are] not fully credible."). Plaintiff also takes issue with the ALJ's characterization of her activities of daily living, another factor that the ALJ is supposed to assess. 20 C.F.R. § 404.1529(c). Plaintiff argues that the ALJ's "analysis amounts to this: Ms. Valentin is lying, malingering, or faking her condition in order to profit from it improperly for money." (ECF No. 21-1 at 5.) Plaintiff points to the following passage in the opinion, where the ALJ, evaluating the Plaintiff's daily activities, found that

> even if the claimant's daily activities are truly as limited as alleged, it is difficult to attribute that degree of limitation to the claimant's medical condition, *as opposed to other reasons*, in view of the relatively weak medical evidence and other factors discussed in this decision.

8

R. 21-22 (emphasis added).  While it is unclear what the ALJ was referring to by suggesting that the Plaintiff's limitation was the result of "other reasons," the reasons that the ALJ gives for her credibility determination are permissible.  It would be speculation for me to conclude that she considered anything impermissible in making her findings.  The record instead indicates that the ALJ considered proper evidence as required by the regulations in determining that she did not find the Plaintiff credible on certain points.  This does not amount to behavior that is "so extreme as to display clear inability to render fair judgment."  *Liteky v. United States*, 510 U.S. 540, 551, 114 S. Ct. 1147, 1155, 127 L. Ed. 2d 474 (1994).  Thus, I decline to order the Commissioner to assign the case to a different ALJ upon remand.  I leave the decision to the Commissioner.

### C.  Scope of Remand

The Plaintiff also requests that the remand order afford the Plaintiff a new hearing and require the ALJ to complete the administrative record and issue a new decision.  The Commissioner agrees that the remand should include a new hearing.  Although I do not address the merits of any of Plaintiff's other arguments for reversal, I note that two of those arguments involve the procedure used by the ALJ at the hearing, and thus consider it appropriate to remark on them.  Specifically, Plaintiff argues that the ALJ failed to obtain medical source statements, including from treating physicians, and, more generally, that the ALJ failed to develop the record.  Plaintiff contends that there is no indication in the record that the ALJ sought an evaluation from a treating source as to Plaintiff's limitations.  Plaintiff further points to multi-year gaps in the medical record.  The Commissioner has not responded to any of these arguments.  Therefore, although I make no finding that the ALJ erred in this regard, my remand order will be plenary:  the ALJ should not only conduct a new hearing but should take any steps

necessary to complete the administrative record and issue a new decision after full development of the record and a new hearing.

### IV.     Conclusion

The Commissioner's Motion for Entry of Judgment Under Sentence Four of 42 U.S.C. § 405(g) with Reversal and Remand of the Cause to the Defendant (ECF No. 19) is GRANTED, and Plaintiff's Motion to Reverse the Decision of the Commissioner (ECF No. 15) is GRANTED IN PART consistent with defendant's motion.  The case is therefore REMANDED.

IT IS SO ORDERED.

/s/
Michael P. Shea, U.S.D.J.

Dated:     Hartford, Connecticut
           March 8, 2017